UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

    Plaintiff,

v.                                          Case No. 8:22-cv-1614-TPB-TGW

KEVIN T. HANRETTA, et al.,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANTS'
MOTION TO DISMISS WITH PREJUDICE"**

This matter is before the Court on "Defendants' Motion to Dismiss with Prejudice," filed by counsel on April 25, 2023. (Doc. 17). Although directed to do so, Plaintiff Carlton Eugene Hooker, Jr. did not file a response in opposition. (Doc. 19). After reviewing the complaint, motion, court file, and the record, the Court finds as follows:

This action is on remand from the Eleventh Circuit Court of Appeals. (Docs. 15; 16). In his complaint, Hooker alleges *Bivens* claims against Kevin T. Hanretta (formerly the Veterans Affairs Assistant Secretary for Operations, Security and Preparedness, although he is now retired) and Karen Mulcahy (currently an attorney with the Veterans Affairs Office of the Regional Counsel). Hooker claims that Hanretta violated his due process rights by "illegally banning [him] under the authority of 38 C.F.R. 1.210" and by "sign[ing] off on a letter extending the illegal ban into a lifetime ban," and that Mulcahy provided "fraudulent documentation" in

support of the ban.  Hooker essentially claims that the original ban and extended lifetime ban exceed the Department of Veteran Affairs' ("VA") authority because he "was never arrested, charged, fined, and imprisoned" by the Bay Pines VA Police Department, and he seeks to hold Hanretta and Mulcahy personally liable for violating his rights.  Hooker demands $1.2 million dollars from Defendants, and that Mulcahy be terminated as a VA employee.

Hooker has been a serial filer of actions in federal courts, and he has instituted and pursued prolific and abusive litigation in the Middle District of Florida and other courts.  *See Hooker v. Secretary, Department of Veterans Affairs*, No. 8:11-cv-1230-VMC-EAJ (M.D. Fla. June 3, 2011) (Covington, J.); *Hooker v. Shinseki*, No. 8:12-cv-2759-JSM-TBM (M.D. Fla. Dec. 7, 2012) (Moody, J); *Hooker v. Shogren*, No. 8:13-cv-1655-MSS-TBM (M.D. Fla. June 25, 2013) (Scriven, J.); *Hooker v. Shinseki*, No. 8:14-cv-333-JSM-AEP (M.D. Fla. Feb. 10, 2014) (Moody, J.); *Hooker v. Shinseki*, No. 8:14-cv-344-JSM-EAJ (M.D. Fla. Feb. 10, 2014) (Moody, J.); *Hooker v. Moody*, No. 8:14-cv-1090-ACC-MAP (M.D. Fla. May 8, 2014) (Conway, J.); *Hooker v. Hopkins*, No. 8:15-cv-750-JSM-TGW (M.D. Fla. Mar. 30, 2015) (Moody, J.); *Hooker v. Mulcahy*, No. 8:15-cv-1062-SDM-TBM (M.D. Fla. May 4, 2015) (Merryday, J.); *Hooker v. McDonald*, No. 8:16-cv-03085-EAK-JSS (M.D. Fla. Nov. 1, 2016) (Kovachevich, J.); *Hooker v. Dept of Veterans Affairs*, No. 8:18-cv-349-VMC-CPT (M.D. Fla. Feb. 5, 2018) (Covington, J.); *Hooker v. Shulkin*, No. 8:18-cv-696 (M.D. Fla. Mar. 22, 2018) (Covington, J.); *Hooker v. Secretary, Department of Veterans Affairs*, No. 8:18-cv-2000-CEH-JSS (M.D. Fla. Aug. 14, 2018) (Honeywell, J.);

*Hooker v. Klinker*, No. 8:18-cv-2163-TPB-AAS (M.D. Fla. Aug. 30, 2018); *Hooker v. Secretary Department of Veterans Affairs Agency*, No. 8:18-mc-7-VMC-TGW (M.D. Fla. Feb. 5, 2018) (Covington, J.); *In re: Carlton Hooker, Jr.*, No. 8:18-mc-89-CEH-JSS (M.D. Fla. Oct. 16, 2018); *Hooker v. Wilkie*, No. 8:19-mc-90-JSM-CPT (M.D. Fla. Aug. 12, 2019) (Moody, J.); *Hooker v. Wilkie*, No. 8:20-cv-1248- WFJ-CPT (M.D. Fla. June 1, 2020) (Jung, J.); *Hooker v. Mulcahy*, No. 8:20-cv-1788-CEH-JSS (M.D. Fla. Aug. 3, 2020) (Honeywell, J.); *Hooker v. Wilkie*, No. 8:20-cv-2557-KKM-JSS (M.D. Fla. Oct. 30, 2020) (Mizelle, J.); *Hooker v. USDOJ – Executive Office of United States Attorneys*, No. 8:20-cv-2749-SDM-TGW (M.D. Fla. Nov. 20, 2020) (Merryday, J.); *Hooker v. Department of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP (M.D. Fla. Nov. 22, 2020) (Merryday, J.); *Hooker v. Department of Veterans Affairs*, No. 8:20-cv-2994-CEH-TGW (M.D. Fla. Dec. 21, 2020) (Honeywell, J.); *Hooker v. Wilkie*, No. 8:20-mc-94-CEH-JSS (M.D. Fla. Oct. 7, 2020) (Honeywell, J.); *Hooker v. Dept. of Veterans Affairs*, No. 8:22-cv-956-CEH-SPF (M.D. Fla. April 22, 2022) (Honeywell, J.); *Hooker v. Sly, et al.*, No. 8:22-cv-957-TPB-AAS (M.D. Fla. April 24, 2022) (Barber, J.); *Hooker v. Secretary, Dept. of Veteran's Affairs*, No. 8:22-mc-12-WFJ-AEP (M.D. Fla. Apr. 25, 2022) (Jung, J.); *Hooker v. Dept. of Veterans Affairs*, No. 1:20-cv-2840-CJN (D.D.C. Sept. 30, 2020); *Hooker v. Dept of Veterans Affairs*, No. 1:21-cv-1691-CRC (D.D.C. June 21, 2021).  Each of these lawsuits has ultimately been dismissed.

The Government argues that this case should be barred by the doctrine of res judicata.  Hooker himself explicitly alleges that the instant case is inextricably tied

to a number of the past cases that he filed against numerous defendants, and he asks the Court to revisit rulings made in those other cases. A review of this case and Hooker's other cases reveals that Hooker has repeatedly and unsuccessfully challenged the "ban" at the center of this suit under a variety of theories, including in *Bivens* cases, employment discrimination cases, and under the Federal Tort Claims Act. The instant action is exactly the type of filing the doctrine of res judicata is intended to prevent. This case has already been litigated – multiple times – and Hooker <u>lost</u>. It would be unfair to the parties, inappropriate, and a waste of everyone's time and resources to litigate this case again.

Most, if not all, of Hooker's claims, including his official capacity claims against Defendants, are likely precluded by res judicata. "Res judicata bars the filing of claims which *were raised* or *could have been raised* in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (emphasis added). An action is precluded by prior litigation if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Renner v. Indymac Bank, F.S.B.*, No. 14-cv-1394-T-27EAJ, 2014 WL 4145338, at *1 (M.D. Fla. Aug. 21, 2014) (quoting *Schafler v. Indian Spring Maint. Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005)).

The Court takes judicial notice of the court documents in Hooker's prior cases without converting the motion to dismiss into a motion for summary judgment.[1] *See, e.g., Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).  A court of competent jurisdiction – the federal district court for the Middle District of Florida – reached numerous judgments and decisions against Plaintiff.  Certainly, as to the official capacity claims, Defendants are in privity with the other governmental defendants.  In addition, the current case and each of Hooker's prior cases arise from the same nucleus of operative facts.  *See, e.g., Hooker v. Department of Veterans Affairs*, No. 8:18-cv-349-VMC-CPT (Docs. 1; 9); *Hooker v. Shulkin*, No. 8:18-cv-696-VMC-TGW (Docs. 10; 57); *Hooker v. Secretary, Department of Veterans Affairs*, No. 8:18-cv-2000-CEH-JSS (Docs. 13; 76); *Hooker v. Klinker*, No. 8:18-cv-2163-TPB-AAS (Docs. 14; 62).  It would therefore appear that res judicata precludes the claims against Hanretta and Mulcahy.

But "[r]es judicata applies only when the parties to the action, or their privies, are identical in the prior and subsequent action." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.7 (11th Cir. 2013).  "Generally, a government official sued in his or her official capacity is considered to be in privity with the

---

[1] These court documents are "public records that [are] not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *See Horne*, 392 F. App'x 800, 802 (11th Cir. 2010).  "Moreover, a court may take notice of another court's order . . . for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014) (internal quotations omitted).

government, but a government official sued in his or her individual capacity is not." *Id*. (citing 18 Moore's Federal Practice—Civil 131.40(2)(a)). And here, Hanretta has been sued in his individual capacity.[2]

Yet, even if the case were not barred in its entirety by res judicata, Hooker would not be entitled to relief. For example, if the individual claims against Hanretta were not precluded, the same qualified immunity analysis employed by the court in other prior cases, including 18-cv-696-VMC-TGW and 18-cv-2163-TPB-AAS (Doc. 62), would apply here. Those cases, which raised substantially similar or identical *Bivens* claims, were dismissed with prejudice. Under the facts of the instant case, Hanretta was acting within his discretionary authority, and he is entitled to qualified immunity. *See Hooker v. Wilkie*, No. 8:18-cv-696-VMC-TGW, 2018 WL 4107952, at *5 (M.D. Fla. Aug. 29, 2018) (Covington, J.). There is simply "no Supreme Court or Eleventh Circuit precedent showing that [Hanretta's] conduct – banning a former employee and veteran from a single medical facility because of alleged disorderly conduct – violates Hooker's due process rights." *Id*. Without demonstrating a clearly established right, and then a violation of that right, Hooker cannot defeat qualified immunity.

And even if the actual claims against Hanretta and Mulcahy were somehow not precluded, and the Court were to consider the merits of the claims, Hooker

---

[2] Hanretta was specifically named as a defendant in his individual capacity in one of Hooker's prior cases. *See Hooker v. Klinker*, No. 8:18-cv-2163-TPB-AAS (M.D. Fla. Aug. 30, 2018). Although Hooker filed an amended complaint that dismissed Hanretta as a defendant, the Court notes that the case was ultimately dismissed with prejudice. *See* (Docs. 1; 14; 65). And certainly, the claims now raised against Hanretta and Mulcahy could have been raised in many, if not all, of Hooker's prior cases.

cannot state any claim warranting relief. As the Honorable Steven D. Merryday explained, Section 1.128(a) empowers the head of a VA facility to "cause the issuance of orders for persons who are creating a disturbance to depart the property," including "not only retrospective removal but a prohibition against re-entry." *Hooker v. Covington*, No. 8:22-cv-1763-SDM-AAS, Doc. 6. (citing *Baldwin v. Hill*, No. 09-0325-CV-W-SWH, 2010 WL 11508578 (W.D. Mo. July 6, 2010)). Moreover, "the VA medical center is not a public forum," and like any property owner, the federal government "can issue–without resort to prosecution–an order that in its discretion is necessary to the preservation and protection of property." *Id.* (citing *Preminger v. Secretary of Veterans Affairs*, 517 F.3d 1299 (Fed. Cir. 2008)). This action, like Hooker's prior actions, is frivolous.

The motion to dismiss is due to be granted. The vexatious litigant orders in cases 20-cv-2557-KKM-JSS, 22-cv-00537-KKM-MRM, and 22-cv-1862-TPB-JSS remain in effect.[3]

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss with Prejudice" (Doc. 17) is hereby **GRANTED** to the extent that this case is **DISMISSED WITH PREJUDICE**.

---

[3] The Eleventh Circuit recently affirmed the vexatious litigant order in 22-cv-00537-KKM-MRM. *See Hooker v. United States*, No. 22-12820, 2023 WL 3317413 (11th Cir. May 9, 2023).

2. The Clerk is **DIRECTED** to enter judgment in favor of Defendants Kevin T. Hanretta and Karen Mulcahy, and against Plaintiff Carlton Eugene Hooker, Jr.

3. Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

4. The vexatious litigant orders in cases 20-cv-2557-KKM-JSS, 22-cv-00537-KKM-MRM, and 22-cv-1862-TPB-JSS remain in effect.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**